652 A.2d 400

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph SURINA.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1994.

Filed Jan. 5, 1995.

George S. Leone, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Mark E. Gottlieb, Philadelphia, for appellee.

Before OLSZEWSKI, JOHNSON and HESTER, JJ.

JOHNSON, Judge.

The Commonwealth appeals from the order granting Joseph Surina's motion *in limine* to exclude his breathalyzer test results, denying the Commonwealth's request for an appeal from that ruling, and discharging the case. For the reasons set forth below, we reverse the order of the trial court and remand this matter for further proceedings.

The facts are as follows: After returning from a fire, Firefighter Edward Wrenn was standing at the rear of the fire engine to prevent cars from passing behind the truck as it backed into the fire station. N.T., Preliminary Hearing, August 3, 1992, at 4. Surina was observed driving toward the station at a high rate of speed. *Id.* Though Wrenn was in full gear, including reflectors, and the fire engine driver blew the airhorn, Surina struck Wrenn, who sustained serious injuries. *Id.* at 4, 14. Surina then drove another half-block before coming to a stop. The fire engine driver ran to

Surina's car and noticed a strong odor of alcohol on Surina's breath. *Id.* at 5, 6. After arriving on the scene, a police officer also detected an odor of alcohol on Surina's breath. *Id.* at 17. Subsequently, Surina consented to a breathalyzer test, which revealed his blood alcohol content (BAC) to be .120%. *Id.*

Surina was arrested and charged with driving under the influence of alcohol (DUI), aggravated assault, simple assault and recklessly endangering another person (REAP). At the preliminary hearing, Surina was held for trial on the charges of aggravated assault, simple assault and REAP. The judge, without explanation, dismissed the DUI charge.

Prior to trial, Surina's counsel made an oral motion *in limine* to preclude the introduction of the breathalyzer test results because the DUI charge had been dismissed at the preliminary hearing. N.T., Motion *in Limine,* July 26, 1993, R.R. at 40a–41a. Throughout argument on the motion, the Commonwealth indicated that its ability to present the case would be materially impaired by the exclusion of the breathalyzer results. *Id.* at 42a, 45a, 51a. Further, the Commonwealth informed the court that if it excluded the results, the Commonwealth "could not go forward on this case." *Id.* at 45a. Nevertheless, the court granted Surina's motion. *Id.* at 50a. At that point, the Commonwealth asked for time to appeal from the trial court's ruling, but the court denied this request and discharged the case. *Id.* at 51a–53a. This appeal followed.

On appeal, the Commonwealth argues that the trial court (1) erred in granting Surina's motion *in limine* to exclude his breathalyzer test results, and (2) improperly discharged the case in response to the Commonwealth's request to appeal from the court's ruling. For purposes of review, we will address the Commonwealth's issues in reverse order.

First, the Commonwealth contends that the trial court improperly discharged the case in response to the Commonwealth's request to appeal from the grant of Surina's motion *in limine.* The Commonwealth may appeal from an

adverse evidentiary ruling on a motion *in limine* upon certification "that the order had the effect of terminating or substantially handicapping the prosecution." *Commonwealth v. Deans,* 530 Pa. 514, 517, 610 A.2d 32, 33 (1992), citing *Commonwealth v. Cohen,* 529 Pa. 552, 605 A.2d 1212 (1992); *see also Commonwealth v. Johnson,* 399 Pa.Super. 266, 582 A.2d 336 (1990) (Commonwealth was permitted appeal from pretrial order granting motion *in limine* excluding testimony of Commonwealth expert where Commonwealth certified that order substantially handicapped its prosecution), *aff'd,* 534 Pa. 51, 626 A.2d 514 (1993). Furthermore, "[t]he Commonwealth's certification that its prosecution is substantially handicapped is 'not contestable.' The certification, 'in and of itself, precipitates and authorizes the appeal.'" *Commonwealth v. Apollo,* 412 Pa.Super. 453, 456, 603 A.2d 1023, 1025 (1992), *appeal denied,* 531 Pa. 650, 613 A.2d 556 (1992), quoting *Commonwealth v. Dugger,* 506 Pa. 537, 545, 486 A.2d 382, 386 (1985).

In the present case, the Commonwealth has complied with the dictates of the above-stated cases by certifying, both at the hearing on the motion and in its brief filed with this Court, that the grant of Surina's motion effectively terminated or substantially impaired its prosecution. *See* N.T., Motion *in Limine, supra,* R.R. at 42a, 45a, 51a; Brief for Appellant at 1. Because the Commonwealth satisfied the certification requirement, we find that it had a right of appeal to this Court to test the validity of the order granting the motion *in limine.* In light of this conclusion, we must review the evidentiary issue in this case.

▇▇▇▇ Next, the Commonwealth asserts that the trial court erred in granting Surina's motion *in limine* to exclude his breathalyzer test results. "A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered." *Johnson, supra,* at 269, 582 A.2d at 337. Our Court reviews the grant of such a motion "by applying the scope of review appropriate to the particular evidentiary matter at issue." *Id.* We note that this Court may reverse rulings on the admissibility of evidence only if it is shown that the trial court abused its

discretion. *See Commonwealth v. Sam,* 535 Pa. 350, 635 A.2d 603 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2123, 128 L.Ed.2d 678 (1994). Further, if in reaching a conclusion, the trial court overrides or misapplies the law, " 'discretion is then abused and it is the duty of the appellate court to correct the error.' " *Commonwealth v. Bellini,* 333 Pa.Super. 526, 532, 482 A.2d 997, 999 (1984), quoting *Prescott v. Prescott,* 284 Pa.Super. 430, 435, 426 A.2d 123, 125 (1981).

In the present case, the trial court excluded the breathalyzer test results because it believed that such evidence was admissible only to prove a charge of DUI, and here that charge had been dismissed. *See* Trial Court Opinion, filed May 26, 1994, at 3–4. The Commonwealth submits that this decision was in error. We agree. As previously stated, Surina was held for trial on the charges of aggravated assault, simple assault and REAP. 18 Pa.C.S. §§ 2702(a)(1) & (2), 2701(a)(1) and 2705, respectively. Each of these crimes requires the Commonwealth to prove that a defendant acted "recklessly." *Id.* "A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct...." 18 Pa.C.S. § 302(b)(3).

After a review of relevant case law, we find that a breathalyzer test establishing BAC is relevant and admissible, not only in DUI prosecutions, but also in prosecutions of drivers for other crimes such as those charged here.

For example, in *Commonwealth v. Scofield,* 360 Pa.Super. 552, 521 A.2d 40 (1987), *appeal denied,* 517 Pa. 593, 535 A.2d 82 (1987), the appellant, while driving, struck a pedestrian and was convicted of aggravated assault and REAP, but was acquitted of a DUI charge. A breathalyzer test revealed appellant's BAC to be .04%. Although it was determined that the results were insufficient to prove that appellant was driving under the influence, this Court found the breathalyzer result to be probative of recklessness:

[W]hile driving under the influence specifically presents special problems of proof, the fact that some degree of intoxication was present is relevant in considering whether the elements of related offenses have been established. We would hold that the observations of the officer and witness on the record and the evidence from the urinalysis and breathalyzer were sufficient to establish that the [appellant] was suffering from some degree of alcohol/drug intoxication. While evidence of drinking alone is insufficient to establish [DUI], it most certainly may be considered in determining whether the appellant was driving while consciously disregarding a substantial and unjustifiable risk of injury to others.

*Id.* at 558–59, 521 A.2d at 43 (citation omitted). Similarly, in *Commonwealth v. Gbur*, 327 Pa.Super. 18, 21, 474 A.2d 1151, 1153 (1984), this Court concluded that the Commonwealth could introduce evidence of intoxication at the appellant's trial on charges of involuntary manslaughter and homicide by vehicle, even though the DUI charge had been dismissed prior to trial. *See also Commonwealth v. Eichelberger*, 364 Pa.Super. 425, 428–29, 528 A.2d 230, 232 (1987) (defendant acquitted of DUI and homicide by vehicle while DUI, but trier of fact could consider defendant's consumption of alcohol prior to accident, resulting in BAC of .09%, in weighing defendant's conduct to determine if he was guilty of homicide by vehicle).

Because evidence of intoxication may be admitted in the prosecution of offenses other than DUI, we are constrained to conclude that the trial court erred in ruling that Surina's breathalyzer test results must be excluded.

Based on the foregoing, we reverse the trial court order granting Surina's motion *in limine,* and remand the case for further proceedings consistent with this Opinion.

Order Reversed. Case Remanded.