J-A09028-17

2017 PA Super 225

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STEVEN VAN SMITH S. RICH, | |
| Appellee | No. 789 MDA 2016 |

Appeal from the Order Entered May 20, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003120-2015

BEFORE:  GANTMAN, P.J., SHOGAN and OTT, JJ.

OPINION BY SHOGAN, J.:                          **FILED JULY 17, 2017**

This case arose out of an automobile accident involving Appellee, Steven Van Smith S. Rich, in Cumberland County on May 23, 2015.  The accident resulted in the death of a bystander, who came to the aid of the accident victims and was killed when struck by a passing tractor-trailer.  Appellant, Commonwealth of Pennsylvania ("Commonwealth"), has appealed from a pretrial order excluding evidence.  For the reasons that follow, we affirm.

The trial court summarized the facts of the case,[1] as follows:

---

[1]  At the hearing on Appellee's motion *in limine* and the Commonwealth's motion to amend the information, the Commonwealth averred that defense counsel stipulated to the facts for the purposes of this appeal only, not for trial.  Commonwealth's Brief at 9 n.1; N.T., 5/17/16, at 61.

Around midnight on May 23, 2015, [Appellee] was driving on State Route 114, a multi-lane divided road. Driving at some speed, he failed to stop at a red light and struck the rear of a vehicle driven by Ms. Mary Hudson as she made a left turn through the intersection. Ms. Hudson's vehicle spun around and came to rest against the curb on the side of the road closest to where she had begun her left-hand turn. [Appellee] continued driving, eventually coming to rest some distance away from where he had struck Ms. Hudson's vehicle. Another driver pulled up behind Ms. Hudson's vehicle and activated her emergency flashers to increase the visibility of Ms. Hudson's car. Within two to three minutes after the impact, a third party, . . . Mr. Adam Webb, crossed the highway on foot, coming from the parking lot of the Pizza Hut on the opposite side of the highway. Mr. Webb came over to where Ms. Hudson stood on the side of the road near her vehicle and spoke with her as she was on the phone with 911. After briefly speaking to her, Mr. Webb then stepped back into the roadway, apparently moving towards where he believed [Appellee's] car had come to rest. Almost immediately, Mr. Webb was struck by an oncoming tractor trailer.[16] He was pronounced dead at the scene. Ms. Hudson was mobile at the scene and waved off EMS care, but sought medical treatment several days later for stiffness, soreness, bruising, pain, and anxiety.

> [16] N.T. at 37. The truck driver was not charged in relation to the incident. N.T. at 40-44.

[Appellee] was subsequently charged with one count each of the following: 1) DUI-General Impairment, 2) DUI-General Impairment with Refusal to Submit to Blood Alcohol Test, 3) DUI-General Impairment with Accident Involving Death or Personal[] Injury, 4) Accidents Involving Death or Personal Injury, 5) Failure to Stop and Give Information and Render Aid, 6) Failure to Notify Police of an Accident Involving Damage, 7) Careless Driving, 8) Failure to Stop at a Traffic Control Signal, 9) Disregarding a Traffic Lane (Single), and 10) Recklessly Endangering Another Person ["REAP"].[2] Counts 5-9 are

_____

[2] 75 Pa.C.S. §§ 3802(a)(1), 3802(a)(1), 3802(a)(1), 3742(a), 3744(a), 3746(a), 3714(a), 3112(a)(3)(i), 3309(1), and 18 Pa.C.S. § 2705, respectively.

summary offense[s], carrying fines of $25 each. Counts 1-3, the general DUI charges, carry a maximum [penalty of] six months imprisonment and therefore were set for non-jury trial. The remaining two charges were set for jury trial; Count [4], Accidents Involving Death or Personal Injury, which was charged as a misdemeanor in the first degree, and Count 10, [REAP], which was charged as a misdemeanor in the second degree. [Appellee] waived his pre-trial conference.

Trial Court Opinion, 8/16/16, at 2–4 (multiple footnotes omitted).

The trial court summarized the procedural history as follows:

Trial was scheduled for May 16, 2016, with counts 1–3 and the summary offenses to be decided by non-jury trial and counts 4 and 10 to be decided by criminal jury trial. On May 16, 2016, [Appellee] filed a Motion in Limine to exclude certain evidence. This [c]ourt held a hearing on the Motion on May 16 and 17, 2016.[3] On May 17, 2016, after a hearing upon [Appellee's] Motion in Limine and Commonwealth's Motion to Amend the Information, this [c]ourt issued an order partially granting and partially denying the Motion in Limine and denying the Motion to Amend the Information.

Trial Court Opinion, 8/16/16, at 1–2 (multiple footnotes omitted).

At the conclusion of the hearing, the trial court ruled that the Commonwealth: could present evidence to the jury that Appellee was driving while intoxicated; could not present evidence to the jury of Appellee's refusal to submit to a blood-alcohol test; and could not present evidence of the

_____

3 At the hearing on Appellee's motion, the Commonwealth orally moved to amend the information to include a new count of DUI-General Impairment with Accident Involving Death or Personal Injury, graded as either a felony of the third degree for serious bodily injury and/or a felony of the second degree, for the death of Mr. Webb. N.T., 5/16/16, at 9, 11. The trial court denied the motion in an order filed May 20, 2016. The Commonwealth is not appealing the denial of its oral motion to amend the information. Commonwealth's Brief at 14 n.3.

J-A09028-17

death of Mr. Webb. The trial court also denied the Commonwealth's Motion to Amend the Information to include a higher grading of the offense of Accidents Involving Death or Personal Injury. Trial Court Opinion, 8/16/16, at 6; Order, 5/20/16. The Commonwealth filed a notice of appeal from the court's interlocutory order.[4] Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The two issues asserted in the Commonwealth's Rule 1925(b) statement are the same issues raised on appeal, as follows:

   I.   Whether the trial court abused its discretion in granting
        [Appellee's] motion to exclude evidence of his refusal to
        submit to a blood-alcohol test when such a refusal may be
        considered as consciousness of guilt of DUI and, in turn,
        evidence of DUI may be considered as consciousness of guilt
        for Recklessly Endangering Another Person?

   II.  Did the trial court abuse its discretion in a [sic] Accidents
        Involving Death or Personal Injury and Recklessly
        Endangering Another Person case when the court excluded
        evidence of the death of Victim Webb, who was attempting to
        assist Victim Hudson, the woman that [Appellee] crashed into
        while DUI and fled the crash scene from, regardless of the
        grading of the Accidents offense and fact that the Criminal
        Information does not specific [sic] the name of the Victims?

_____

[4] The Commonwealth may appeal an interlocutory order suppressing evidence when it provides a certification with its notice of appeal that the order terminates or substantially handicaps the prosecution. **Commonwealth v. Petty**, 157 A.3d 953, 954 n.1 (Pa. Super. 2017); Pa.R.A.P. 311(d). **See also Commonwealth v. Gordon**, 673 A.2d 866 (1996) (Commonwealth may appeal grant of a defense motion *in limine* that excludes Commonwealth evidence and has the effect of substantially handicapping the prosecution). The Commonwealth attached the required certification to its notice of appeal.

- 4 -

Commonwealth's Brief at 8.

The standards by which we review this case are settled. "A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered." ***Commonwealth v. Freidl***, 834 A.2d 638, 641 (Pa. Super. 2003) (citation omitted). "In evaluating the denial or grant of a motion *in limine*, our standard of review is the same as that utilized to analyze an evidentiary challenge." ***Commonwealth v. Hicks***, 151 A.3d 216, 224 (Pa. Super. 2016) (citing ***Commonwealth v. Pugh***, 101 A.3d 820, 822 (Pa. Super. 2014)).

> "The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." ***Commonwealth v. Reid***, 627 Pa. 151, 99 A.3d 470, 493 (2014). An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. ***Commonwealth v. Davido***, ____ Pa. ____, 106 A.3d 611, 645 (2014).

***Commonwealth v. Woodard***, 129 A.3d 480, 494 (Pa. 2015), *cert. denied sub nom*. ***Woodard v. Pennsylvania***, 137 S.Ct. 92 (2016). "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.E. 403." ***Hicks***, 151 A.3d at 224.

Initially, we are compelled to address the trial court's assertion that this interlocutory appeal is improper. The trial court averred in its Pa.R.A.P. 1925(a) opinion that "the Commonwealth's case will not be terminated or substantially handicapped by this [c]ourt's [o]rder dated May 20, 2016[,] and therefore the Commonwealth's interlocutory appeal is improper." Trial Court Opinion, 8/16/16, at 7.

As noted *supra*, the Commonwealth may appeal an interlocutory order suppressing evidence when it provides a certification that the order terminates or substantially handicaps the prosecution. Pa.R.A.P. 311(d). Furthermore:

> "[t]he Commonwealth's certification that its prosecution is substantially handicapped is 'not contestable.' The certification, 'in and of itself, precipitates and authorizes the appeal.'" ***Commonwealth v. Apollo***, 412 Pa. Super. 453, 456, 603 A.2d 1023, 1025 (1992), *appeal denied*, 531 Pa. 650, 613 A.2d 556 (1992), quoting ***Commonwealth v. Dugger***, 506 Pa. 537, 545, 486 A.2d 382, 386 (1985).

***Commonwealth v. Surina***, 652 A.2d 400, 402 (Pa. Super. 1995). Thus, we are not permitted to inquire into the Commonwealth's good-faith certification, and we reject the trial court's contention that this appeal is improper. ***See Commonwealth v. Belani***, 101 A.3d 1156, 1157 n.1 (Pa. Super. 2014) (appellate court is not permitted to inquire into the Commonwealth's good-faith certification); ***see also Commonwealth v. Moser***, 999 A.2d 602, 605 n.2 (Pa. Super. 2010) ("Both the trial court and [the a]ppellee have requested that this Court inquire into the

Commonwealth's good-faith certification; however, we are not permitted to conduct such an inquiry") (citing **Commonwealth v. White**, 910 A.2d 648, 654–655 (Pa. 2006); **Commonwealth v. Boczkowski**, 846 A.2d 75, 87 (Pa. 2004); **Commonwealth v. Cosnek**, 836 A.2d 871, 877 (Pa. 2003)).

The Commonwealth first challenges the trial court's exclusion of evidence of Appellee's refusal to submit to a blood-alcohol test in the ensuing jury trial of the charges of Accidents Involving Death or Personal Injury and Recklessly Endangering Another Person ("REAP").[5] The Commonwealth maintains that it should be permitted to introduce evidence of Appellee's refusal to submit to blood-alcohol testing in order to support its contention that Appellee knew he was driving while intoxicated and therefore, was conscious of his guilt related to the charge of REAP.

The two charges to be tried before a jury are as follows:

### § 3742. Accidents involving death or personal injury

**(a) General rule.--**The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

---

[5] Given the grading of the DUI offenses, charges one through three will be determined by a judge. Charges five through nine are summary offenses. The two remaining charges—charge four, Accidents Involving Death or Personal Injury, and charge ten, REAP—are to be tried by a jury.

75 Pa.C.S. § 3742.  REAP is defined as:

### § 2705. Recklessly endangering another person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705.  Recklessly is defined as:

### § 302. General requirements of culpability

\* \* \*

### (b) Kinds of culpability defined.—

\* \* \*

(3)  A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.  The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. §302(b)(3).

Following a hearing on Appellee's motion *in limine*, the trial court determined that the Commonwealth could present evidence to the jury that Appellee was driving while intoxicated but could not present evidence, *inter alia*, that Appellee refused to submit to a blood-alcohol test.  The trial court

summarized the May 17, 2016 hearing on Appellee's motion *in limine* as

follows:[6]

> [Appellee] filed a Motion in Limine on May 16, 2016, stating he had been informed by the Commonwealth that the Commonwealth intended to introduce evidence concerning the death of Mr. Webb and seeking the exclusion of that evidence as not relevant to the charges as they had been made by the Commonwealth.[24]
>
> > [24] The evidence the Commonwealth sought to introduce included photos of the scene of the accident, a photo of the dead body of Mr. Webb under a tarp, and the transcript of the 911 call made by Ms. Hudson, which includes statements by Ms. Hudson that someone (Mr. Webb) had been hit by a truck. N.T. at 19, 30.
>
> At a hearing on the Motion in Limine held on May 17, 2016, [Appellee] argued the death of Mr. Webb was not relevant to the charges against [Appellee], because the Commonwealth had not alleged any charges for Mr. Webb's death. Furthermore [Appellee] argued any evidence of Mr. Webb's death would be unfairly prejudicial to the [Appellee]. [Appellee's] counsel stated that he had only been informed of the Commonwealth's intent to introduce the evidence of Mr. Webb's death in the week before the criminal jury trial and non-jury trials were to commence. Defense counsel stated that if he had notice that Mr. Webb's death was to be an issue or if the charges were to proceed as felony charges instead of misdemeanor charges, he would have prepared significantly different evidence and witnesses for trial. For example, Defense counsel stated he was in possession of a toxicology report showing Mr. Webb was intoxicated at the time he entered the roadway.[29] Defense counsel credibly stated that had he known Mr. Webb's death was to enter into the trial, he would have prepared an expert to testify in support of the toxicology report and prepared other additional witnesses.

---

[6] A portion of this summary is relevant to the Commonwealth's second issue addressed *supra*, but for the sake of clarity, we reproduce it here.

<sup>29</sup> N.T. at 7. Such evidence would have supported a defense theory of superseding intervening causes, where Mr. Webb's intoxication was the superseding intervening cause that broke the causal chain between [Appellee's] actions and Webb's death.

Defense counsel and Commonwealth counsel both described discussions they had about possible additional charges regarding Mr. Webb that occurred prior to the previous criminal trial term; counsel had different understandings of the intent of those conversations and defense counsel stated he was never definitively notified that the Commonwealth intended to pursue charges for the death of Mr. Webb but that he deduced the Commonwealth's intent from discovery he received on the Wednesday and Friday afternoon before the trial was scheduled to start on Monday morning. The Commonwealth argued that [Appellee] had been on notice that evidence of the death of Mr. Webb might be introduced since the date the complaint was made on July 6, 2016, because Mr. Webb's death was noted in the affidavit of probable cause to the complaint.<sup>32</sup> The Commonwealth also made a Motion to Amend the Information to include a higher grading of the offense of Reckless Endangerment of Another Person, but at the same time argued the charges in the original complaint did encompass the death of Mr. Webb and therefore the evidence of his death was relevant.

<sup>32</sup> N.T. at 23. The Commonwealth also admitted one reason they did not change the grading of the charge was because the one year-clock imposed by Rule 600 would have run out before the next criminal trial term. N.T. at 9. At another point, the Commonwealth also conceded that after the period for pre-trial conferences for the instant term had passed, it would be fair of defense counsel to assume that they were not going to file, for example, homicide charges, but that there should have been no corresponding assumption that the Commonwealth was "not going to try to hold [Appellee] accountable for Mr. Webb's death in a lesser way." N.T. at 29.

At the hearing, [Appellee] also requested to exclude from the jury trial evidence that he was driving under the influence, as the jury was not deciding the DUI charge and the evidence

- 10 -

would be unfairly prejudicial. The Commonwealth argued evidence of [Appellee's] intoxication was relevant, and not unfairly prejudicial with regards to the charge of Reckless Endangerment of Another Person.

Trial Court Opinion, 8/16/16, at 4–6 (multiple footnotes omitted).

The Commonwealth relies upon *Commonwealth v. Surina*, 652 A.2d 400 (Pa. Super. 1995), suggesting that "[a]llowing BAC results in a REAP trial enables the Commonwealth to demonstrate [Appellee] consciously disregarded a known risk in driving with alcohol in his system." Commonwealth's Brief at 23. Citing to *Commonwealth v. Robinson*, 324 A.2d 441 (Pa. Super. 1974), as well, the Commonwealth points out that in DUI prosecutions, evidence of refusal to submit to chemical testing for the presence of alcohol is admissible as "conduct that may be regarded as indicating consciousness of guilt." Commonwealth's Brief at 24; *Robinson*, 324 A.2d at 451.[7] The Commonwealth also cites 75 Pa.C.S. § 1547(e) of the Vehicle Code, which provides:

_____

[7] We agree with the Commonwealth that *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), is not controlling here. In *Birchfield*, the United States Supreme Court determined that the Fourth Amendment permitted warrantless breath tests incident to arrest for driving under the influence of alcohol, but not blood tests, by drawing a distinction between the level of intrusion and inconvenience in breath tests as compared to blood tests. *See also Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016) (reversing and remanding trial court's refusal to suppress blood test results based upon *Birchfield* considerations so that trial court could "reevaluate [the appellant's] consent based upon the totality of all the circumstances . . . given the partial inaccuracy of the officer's advisory" regarding the potential penalties). Appellee herein never raised the issue concerning whether his

*(Footnote Continued Next Page)*

**(e) Refusal admissible in evidence.**--In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547(e). The Commonwealth contends that Appellee's consciousness of guilt is relevant to the determination of his guilt related to REAP. Commonwealth's Brief at 27. It avers that Appellee's refusal to submit to blood testing demonstrates his fear that the results of any such testing could demonstrate "his conscious disregard of obvious and known risks on the roadway, *i.e.* his reckless endangerment." Commonwealth's Brief at 28.

Appellee responds that evidence of his refusal to submit to blood testing is not relevant to either of the charges that will be tried to the jury. Appellee's Brief at 5. Appellee asserts that **Surina** and **Robinson** do not compel an opposite result. Appellee maintains that because the Commonwealth has witnesses who will testify that Appellee was driving "at any extremely high rate of speed" and also ran a red light, it has other

*(Footnote Continued)* _____

refusal should be suppressed because it violated his constitutional rights before the trial court; thus, the Fourth Amendment issue is waived, and **Birchfield** is not implicated. Furthermore, the **Birchfield** Court stated that nothing in its opinion "should be read to cast doubt on" implied-consent laws that "impose civil penalties and evidentiary consequences on motorists who refuse to comply." **Birchfield**, 136 S.Ct. at 2185.

evidence sufficient to establish Appellee's recklessness. Appellee's Brief at 10.

The trial court concluded that while evidence of Appellee's intoxication could be presented to the jury, evidence of Appellee's refusal to permit blood testing could not be admitted because the probative value of such refusal is outweighed, in this case, "by the danger of unfair prejudice or confusing the issues." Trial Court Opinion, 8/16/16, at 13. The trial court opined that there exists other evidence of recklessness the Commonwealth can present, and it underscores Appellee's own statement that he had been drinking alcohol. *Id*. Finally, the trial court noted that all of the DUI charges are to be decided by the court, not the jury, due to their relevant grading.

We conclude that the trial court did not abuse its discretion in granting Appellee's motion to exclude from the jury evidence of Appellee's refusal to submit to blood-alcohol testing. **Surina**, its reliance on **Commonwealth v. Scofield**, 521 A.2d 40 (Pa. Super. 1987), and **Robinson** do not compel a different result. The **Surina** Court considered breath, not blood-test results, where the trial court held that such evidence was admissible only to prove a charge of DUI, which in **Surina** had been dismissed. The **Surina** holding, permitting introduction of the breathalyzer results, actually is consistent with the trial court's conclusion in the instant case, where it has permitted introduction of concrete evidence of Appellee's intoxication but denied the

confusing, prejudicial evidence of Appellee's refusal to undergo blood-testing.

Similarly, **Scofield** does not require a different result. As in **Surina**, the **Scofield** Court considered evidence of a breathalyzer test result, which this Court found was probative of recklessness. **Scofield**, 521 A.2d at 43. Once again, **Scofield** is merely consistent with the trial court's admission of other evidence of Appellee's intoxication in the case *sub judice*; it has no relevance to the situation in the instant matter. Finally, **Robinson** held that admission into evidence of the defendant's refusal to submit to a breathalyzer test under the implied consent law did not violate his Fifth Amendment privilege against self-incrimination. None of these cases is controlling of the case *sub judice*.

As stated by the trial court:

> This [c]ourt recognizes that evidence that a defendant was driving while intoxicated does not establish legal recklessness per se for the purposes of the Reckless Endangerment of Another Person statute, but may be considered among a body of indicia of such recklessness. See <u>Commonwealth v. Mastromatteo</u>, 719 A.2d 1081 (Pa. Super. 1998); <u>Commonwealth v. Sullivan</u>, 864 A.2d 1264 (Pa. Super. 2004). Accordingly, this [c]ourt ruled that evidence of [Appellee's] intoxication could be submitted to the jury, while excluding from the jury, however, evidence of [Appellee's] refusal to submit to blood alcohol testing. This [c]ourt found in this instance the probative value of the evidence of [Appellee's] refusal to submit to blood alcohol testing would be outweighed by the danger of unfair prejudice or confusing the issues. **Because the Commonwealth can present other evidence of [Appellee's] consciousness of guilt, such as his own statement that he had been drinking, the probative value of the evidence is mitigated.** At the same time, evidence of

refusal to submit [to blood-testing] is highly prejudicial. Furthermore, this [c]ourt notes a high probability that admitting the evidence would confuse the issue for the jury; the jury is not charged with deciding whether [Appellee] was in fact guilty of DUI, the charge for which refusal to submit to blood alcohol testing is specifically admissible under 75 Pa.C.S. § 1547. That charge is left to this [c]ourt to decide. The jury is to decide whether or not [Appellee] was conscious of his guilt in the charge of Recklessly Endangering Another Person. Essentially, the Commonwealth is seeking to admit to the jury highly prejudicial, minimally probative evidence which is not directly relevant to a charge actually before the jury, because that evidence indirectly supports the Commonwealth's argument on a different charge that actually **is** before the jury. This [c]ourt finds that, in this particular instance, such evidence is properly excluded.

Trial Court Opinion, 8/16/16, at 13–14 (footnotes and internal citations to the record omitted) (first emphasis added; second emphasis in original).

The trial court's determination does not reveal an abuse of discretion. The court did not override or misapply applicable law, and its ruling is not the result of the exercise of manifestly unreasonable judgment, partiality, bias, or ill-will. *Commonwealth v. Minich*, 4 A.3d 1063, 1068 (Pa. Super. 2010). Therefore, we find that the Commonwealth's first issue lacks merit.

In its second issue, the Commonwealth asserts the trial court abused its discretion in excluding evidence related to the death of Mr. Webb. In the criminal information, the Commonwealth charged the count of Accident Involving Death or Personal Injury, 75 Pa.C.S. § 3742, as the default grading, which is a misdemeanor of the first degree. That crime contains an element of proof requiring "an accident resulting in injury or death of another person." *Id*. at § 3742(a). The Commonwealth avers that the

- 15 -

charges as written should encompass both the injuries to Ms. Hudson and the death of Mr. Webb. It argues that it should be permitted to introduce evidence of Mr. Webb's death along with evidence of Ms. Hudson's injuries, when attempting to prove the two charges before the jury. Commonwealth's Brief at 31. The Commonwealth posits that the question for review is not whether it can prove the case as charged, "but whether the Commonwealth can **attempt** to prove the case as charged." *Id*. at 31–32.

The Commonwealth also responds to the trial court's reliance on *Commonwealth v. Frisbie*, 485 A.2d 1098 (Pa. 1984). *Frisbie* held that a single act that injures multiple victims may form the basis for multiple sentences without violating double jeopardy principles. The Commonwealth suggests that here, Appellee was charged with only one REAP count for multiple victims, rather than multiple counts, "one for each victim, *e.g.*, Ms. Hudson, Mr. Webb, Ms. Coder, and other motorists." Commonwealth's Brief at 33.

The Commonwealth cites *Commonwealth v. Martuscelli*, 54 A.3d 940 (Pa. Super. 2012), as an example of a case where the defendant was charged and convicted of one count of REAP even though the facts supporting his conviction included multiple victims. Mr. Martuscelli fired shots at multiple officers in a tree line, and these facts were sufficient to convict him of one count of REAP. "The Commonwealth was not required to

mention only one officer who was endangered but could present its full case and facts relating to multiple victims." Commonwealth's Brief at 34.

The Commonwealth explains that here, Appellee was charged with one count of REAP without naming a specific victim. However, the Affidavit of Probable Cause discussed multiple people present, describing Mr. Webb as a "male victim that was struck after coming to the aid of Ms. Hudson from the vehicle accident." Commonwealth's Brief at 35 (citing Affidavit of Probable Cause, Attachment B). The Commonwealth seizes on this as significant, suggesting that Mr. Webb was clearly described as a "victim" in the Affidavit, even though a specific victim was not listed in the charging documents. **Id**. at 36.

The Commonwealth further maintains that if it cannot proceed with evidence of Mr. Webb's death solely because the Commonwealth did not charge the heightened grading of the Accident-Involving-Death-or-Personal-Injury charge, the evidence should be admitted under the *res gestae* exception for admission of other crimes. Commonwealth's Brief at 42. **See Commonwealth v. Brown**, 52 A.3d 320, 326 (Pa. Super. 2012) (*Res gestae* exception to prohibition of evidence of other crimes is admissible to "complete the story of the crime on trial by proving its immediate context of happenings near in time and place.").

The trial court ruled that the Commonwealth could not add additional charges or amend the charges to explicitly refer to the death of Mr. Webb,

and significantly, the Commonwealth does not appeal that ruling herein. The trial court held that evidence of Mr. Webb's death should be admitted only if it is 1) relevant to the injuries to Ms. Hudson, and 2) the probative value of such evidence is not unfairly outweighed by its prejudicial effect. Trial Court Opinion, 8/16/16, at 16. The trial court determined that the grading of the offenses and Appellee's alleged conduct, as it was described in the criminal complaint, "reflect charges relating only to the injuries to Ms. Hudson and not for the death of Mr. Webb." *Id*. The court found it significant that the Commonwealth proceeded on only one count of each charge, stating that:

> where a statute defines a crime as a harm against an individual person, such as simple assault, reckless endangerment, or criminal homicide, the number of offenses depends on the number of victims rather than on the number of acts committed by the defendant. [**Commonwealth v.**] **DeSumma**, [559 A.2d 521, 522 (Pa. 1989),] citing **Commonwealth v. Williams**, 522 A.2d 1095 (1987) (an attempt to murder three people by a single act of arson would constitute three separate offenses of attempted murder because criminal homicide is defined as causing the death of "another human being"); **Commonwealth v. Frisbie**, 485 A.2d 1098, 1100) [(Pa. 1984)] (18 Pa.C.S. § 2705, recklessly endangering another person, is defined "with respect to an individual person being placed in danger of death or serious bodily injury, and . . . *a separate offense is committed for each individual person placed in such danger*.") (emphasis added).

Trial Court Opinion, 8/16/16, at 16–17. Thus, the trial court held that this principle supported its conclusion that the REAP charge applied only to one victim. *Id*. at 17.

- 18 -

We conclude that the trial court correctly precluded reference to the death of Mr. Webb under the factors present in this case. The Commonwealth charged one count of REAP. In the criminal complaint "Acts of the accused associated with this Offense" section of the REAP charge, the affiant listed the victim of this offense as the person whose vehicle was struck, referring *sub silentio* to Ms. Hudson as follows: "Def[endant] did place victim in danger of death or serious injury via driving intoxicated and **driving into the side of victim[']s vehicle**." Complaint, 6/29/15, at 6 (emphasis added). The later-filed criminal information is silent as to the identity of the victim. The Commonwealth could have charged Appellee with an additional count for Mr. Webb's death, but did not do so. Moreover, the Commonwealth did not appeal the trial court's refusal to permit the Commonwealth to amend the charges to explicitly refer to the death of Mr. Webb. Finally, regarding the Commonwealth's *res gestae* argument, that claim is waived by the Commonwealth's failure to raise it in the trial court, either at oral argument or in its Pa.R.A.P. 1925(b) statement. ***Commonwealth v. Sauers***, 159 A.3d 1 (Pa. Super. 2017) (issue waived for failure to preserve it in trial court); ***Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super. 2015) (issue not advanced in Pa.R.A.P. 1925(b) statement is waived).

In conclusion, we hold that the trial court did not abuse its discretion in granting Appellee's motion to preclude the Commonwealth from

presenting to the jury evidence of Appellee's refusal to submit to blood-alcohol testing and the death of Mr. Webb. Thus, we affirm the rulings of the Honorable Christylee L. Peck and remand this matter to the trial court for proceedings consistent with this Opinion.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2017