J-S81019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HOWARD F. DANIELS, III | : | |
| | : | |
| Appellant | : | No. 635 MDA 2018 |

Appeal from the Judgment of Sentence January 29, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003421-2016,
CP-67-CR-0003422-2016

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 12, 2019**

Appellant, Howard F. Daniels, III, appeals from the January 29, 2018 Judgment of Sentence entered in the York County Court of Common Pleas following his conviction at Docket Number 3421-2016 of one count each of Aggravated Indecent Assault, Indecent Assault, and Corruption of Minors, and at Docket Number 3422-2016 of one count of Corruption of Minors.[1]  After careful review, we affirm.

On April 14, 2016, the Commonwealth charged Appellant at Docket Number 3421-2016 with one count each of Aggravated Indecent Assault, Indecent Assault, Corruption of Minors graded as a felony, and Corruption of

_____

[1] 18 Pa.C.S. §§ 3125(a)(7); 3126(a)(7); 6301(a)(1)(i), respectively.

_____

Minors graded as a misdemeanor following allegations of sexual assault made by Appellant's biological daughter ("Daughter").[2]

Two other victims—T.L., age 14, and H.D., age 15—also alleged that Appellant had sexually assaulted them. As a result of the allegations levied by T.L., the Commonwealth charged Appellant at Docket Number 3422-2016 with one Count of misdemeanor Corruption of Minors. With respect to H.D.'s allegations, the Commonwealth charged Appellant at Docket Number 4398-2016 with one count of misdemeanor Corruption of Minors and one count of Indecent Assault.

On June 16, 2016, the Commonwealth filed a Notice of Consolidation, which joined these three cases.

On September 19, 2016, Appellant filed an Omnibus Pretrial Motion, which included a Motion to Sever. Relevant to the instant appeal, on June 30, 2017, the trial court denied Appellant's Motion to Sever. In particular, the court found that the allegations in all three cases had certain similarities, which would render the evidence of each of the offenses admissible in a prosecution of the others to prove that Appellant had a "common plan, scheme, and design." Trial Ct. Op, 6/30/17, at 5. The court further found that trying the three cases together would not unduly prejudice Appellant. *Id.* at 6.

_____

[2] Daughter was almost 6 years old at the time the Commonwealth charged Appellant.

Appellant's four-day jury trial commenced on November 13, 2017. That day, the Commonwealth presented a Motion in *Limine* requesting permission to offer testimony regarding an alleged suicide attempt by Appellant. The Commonwealth asserted that, immediately after his wife confronted him with T.L's allegations of abuse, Appellant attempted suicide by overdosing on pain medication. The Commonwealth sought to offer this as evidence of Appellant's consciousness of his guilt. Appellant objected to the admission of this evidence, arguing that it was only admissible in one of the three consolidated cases and its admission would prejudice the jury in the other cases. The trial court granted the Commonwealth's Motion and permitted the introduction of this evidence. The court provided a limiting instruction to the jury indicating that the jury was only to consider Appellant's suicide attempt as evidence of consciousness of guilt of the crimes against T.L. N.T. Trial, 11/15/16, at 109.

In its Pa.R.A.P. 1925(a) Opinion, the trial court set forth the facts as adduced at trial as follows.

### T.L.'s Disclosure

On February 29, 2016, Detective Michael Hine of the Northern York County Regional Police Department commenced an investigation of a sexual assault allegedly committed by [Appellant] in December 2015 against T.L., a child who[ Appellant] once believed was his biological daughter and [with] whom [Appellant] continued to foster a familial-like relationship. T.L. would periodically visit with [Daughter] and H.D. at [Appellant's] home as she viewed them to be her surrogate sisters. T.L. indicated that one evening in December 2015, while sitting on [Appellant's] living room sofa, [Appellant] asked T.L. for her permission to "molest" her. T.L. declined [Appellant's] request and immediately called her mother [ ] to report the incident.

[Daughter] was in the home, but asleep in her bedroom when the incident transpired.

After receiving T.L.'s call, T.L.'s mother went to [Appellant's] home to confront him and retrieve T.L. T.L. and her mother waited outside for [Appellant's] wife, Elizabeth Daniels, to arrive home from work to apprise her of the incident. When [Appellant's] wife arrived home, she awakened [Appellant] to question him about the incident. When confronted by his furious wife who smacked him several times, [Appellant] began to weep and apologized instantly to T.L.

Neither T.L.'s mother nor [Appellant's] wife reported the incident. T.L.'s mother testified that [Appellant's] wife asked her to refrain from contacting the police. [Appellant's] wife did not report the incident to authorities because on the morning following the incident, she was consumed with transporting [Appellant] to Edgar Square, a treatment facility, after [Appellant] intentionally ingested a surplus of either Oxycodone of OxyContin pills. T.L. ultimately made a disclosure to a therapist who[,] in turn[,] contacted police. [ ]

## [Daughter's] Disclosure

On or about March 10, 2016, Detective Hine commenced an investigation of sexual assault allegedly committed by [Appellant] between the years of 2014 and 2016 against [Daughter]. This investigation was triggered as a result of T.L.'s disclosure of abuse. At trial [Daughter] testified that [Appellant] slipped his hand underneath her nightgown and underwear, and then touched the outside of her "bathroom part" with his bare hand. During [Daughter's] interview at the Children's Advocacy Center, she disclosed to the interviewer that [Appellant] touched the inside of her bathroom part. Additionally, [Appellant's] wife recalled that when [Daughter] was three or four years old, [Daughter] asked her to tickle [Daughter's] "Susie"—a nickname for [Daughter's] vagina. [Appellant's] wife discussed [Daughter's] request with [Appellant] and testified that [Appellant] denied having ever tickled [Daughter's] Susie[,] but did admit to her that he has tickled [Daughter's] inner thighs.

**H.D.'s Disclosure**

> On or about March 14, 2016, Detective Hine commenced an investigation of sexual assault allegedly committed by [Appellant] between November and December of 2015 against H.D., his older biological daughter who resides with her biological mother.  This investigation was triggered by T.L.'s disclosure of abuse.  H.D. disclosed that [Appellant] touched her leg, placed his hand down her pants, and then touched her bare vagina as she [sat] on his living room sofa. During the incident, [Daughter] was asleep in her bedroom. H.D. directed [Appellant] to stop touching her.  [Appellant] complied with H.D.'s request, apologized immediately, and then asked her not to tell anyone about what had just occurred.  [ ]

Trial Court Op., 6/26/28, at 3-6.

On November 16, 2017, the jury found Appellant guilty of two counts of Corruption of Minors and one count each of Aggravated Indecent Assault and Indecent Assault.[3]  Following the verdict, the court ordered the preparation of a Post-Sentence Investigation Report.

On January 29, 2018, the trial court sentenced Appellant to an aggregate term of two and one half years' to five years' incarceration followed by two years' probation.[4]

_____

[3] The jury found Appellant not guilty of Corruption of Minors and Indecent Assault of H.D. filed at Docket Number 4398-2016.

[4] At Docket Number 3421-2016, the court sentenced Appellant to a term of two and a half to five years' incarceration for his Aggravated Indecent Assault conviction, a concurrent term of six to 12 months' incarceration for his Indecent Assault conviction, and a consecutive term of 24 months' probation for his Corruption of Minors conviction.  At Docket Number 3422-2016, the court sentenced Appellant to a term of 24 months' probation to run concurrently with his term of probation at Docket Number 3421-2016.

On February 8, 2018, Appellant filed a Post-Sentence Motion, in which he challenged, *inter alia*, the weight of the evidence, the court's denial of his Motion to Sever, and its decision to grant the Commonwealth's Motion in *Limine*. The trial court denied Appellant Post-Sentence Motion on March 20, 2018. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[5]

Appellant raises the following four issues on Appeal:

1. Whether the Commonwealth failed to provide sufficient evidence to prove [Appellant] guilty of Aggravated Indecent Assault beyond a reasonable doubt where there was no testimony that the victim's vagina was penetrated in any way?

2. Whether the jury's verdict was so against the weight of the evidence when the Commonwealth failed to present any evidence regarding penetration?

3. Whether the trial court abused its discretion when it denied [Appellant's] Motion to Sever where none of the three cases were similar enough in nature and evidence in one case would not have been admissible in a trial for the others?

4. Whether the trial court abused its discretion in granting the Commonwealth's Motion in *Limine* where there was no link between [Appellant's] actions and a consciousness of guilt and the "evidence" would have only been applicable in one of the consolidated cases.

Appellant's Brief at 5.

---

[5] Appellant filed his Rule 1925(b) Statement four days late, but the trial court nonetheless addressed the issues contained in the untimely Statement, including the four briefed issues. Accordingly, we will also address the merits of Appellant's two issues. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (explaining that "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

In his first issue, Appellant challenges the sufficiency of the Commonwealth's evidence in support of his Aggravated Indecent Assault conviction. Appellant's Brief at 16. In particular, he argues that the Commonwealth failed to prove that he penetrated Daughter's genitals because it "offered three contradictory statements during [its] case to support the penetration however slight element."[6] *Id.*

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.*; *see also Commonwealth v. Hawkins*, 701 A.2d 492, 501 (Pa. 1997) (the credibility of witnesses is "solely for the [fact finder] to determine"). "In conducting this

---

[6] Appellant claims that Daughter's in-court testimony that Appellant touched her on the outside of her vagina was inconsistent with the out-of-court statements that Appellant touched her inside her vagina that she made to a forensic nurse examiner at York Hospital and a forensic interviewer at the York County Children's Advocacy Center, both of whom testified to those statements at Appellant's trial. *See* Appellant's Brief at 16-17.

- 7 -

review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." **Miller**, 172 A.3d at 640. **See also Commonwealth v. Dougherty**, 860 A.2d 31, 36 (Pa. 2004) ("This Court cannot substitute its judgment for that of the [fact finder] on issues of credibility.")(citation omitted).

Moreover, "[i]t is the function of the [fact finder] to evaluate evidence adduced at trial to reach a determination as to the facts, and where the verdict is based on substantial, if conflicting evidence, it is conclusive on appeal." **Commonwealth v. Reynolds**, 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted). **See also Commonwealth v. Brown**, 52 A.3d 1139, 1165–66 (Pa. 2012) (observing that "questions regarding the reliability of the evidence received at trial [are] within the province of the finder-of-fact to resolve, and [appellate courts] will not, on sufficiency review, disturb the finder-of-fact's resolution except in those exceptional instances . . . where the evidence is so patently unreliable that the jury was forced to engage in surmise and conjecture in arriving at a verdict based upon that evidence." ).

Pursuant to Section 3125(a)(7) of the Crimes Code, a person is guilty of Aggravated Indecent Assault when he engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygenic, or law enforcement procedures and the complainant is less than 13 years old. **See** 18 Pa.C.S. § 3125(a)(7).

As noted ***supra***, the Commonwealth presented evidence at trial that Appellant touched Daughter "inside of her bathroom part." Trial Ct. Op. at 5. In particular, Deborah Nandor-Levin, a forensic nurse examiner at York Hospital, testified that she examined Daughter on March 31, 2016—a mere three weeks after Daughter's initial disclosure— at the York County Children's Advocacy Center. N.T., 11/14/14, at 194-95. Ms. Nandor-Levin, reading directly from her exam notes, testified that Daughter reported to her at that time that Appellant had "touched her with his hand [ ] on the inside." ***Id.*** at 199.

Kimberly Duffy, a forensic interviewer at the York County Children's Advocacy Center, also testified. She testified that she also interviewed Daughter on March 31, 2016. ***Id.*** at 265. The court permitted the Commonwealth to show the jury a videotape of the forensic interview. The Commonwealth and Appellant's counsel then questioned Ms. Duffy about her interview of Daughter. Ms. Duffy testified that Daughter disclosed that Appellant had touched her "inside." N.T., 11/15/17, at 21.

The trial court found that the Commonwealth adduced sufficient evidence from which the jury could reasonably infer that Appellant had penetrated Appellant's vagina, however slightly.

Following our review, we agree with the trial court that the Commonwealth presented sufficient evidence from which the jury could reasonably find that the Commonwealth had proven the penetration element of the Aggravated Indecent Assault charge. The evidence elicited at trial,

when viewed in the light most favorable to the Commonwealth as verdict-winner, indicates that shortly after Daughter's initial disclosure of abuse, she described to the forensic interviewer and forensic examiner that Appellant had touched her inside of her vagina. In light of the testimony of these witnesses, it was reasonable for the jury to conclude that Appellant had penetrated, however slightly, Daughter's vagina. Appellant is, therefore, not entitled to relief on this issue.

In his second issue, Appellant claims that the jury's verdict was against the weight of the evidence because the Commonwealth failed to present evidence of penetration. Appellant alleges that the jury's verdict was shocking because Daughter's in-court testimony that Appellant had not touched her on the inside of her vagina was inconsistent with her statements recorded during her forensic interview, and the testimony of the forensic interviewer and forensic examiner who both testified that, at the time of Daughter's examination and interview, Daughter reported that Appellant had touched her on the inside of her vagina. Appellant's Brief at 18-19.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa.

Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, *supra* at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.* at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* (citation omitted).

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be

believed." ***Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014)(citation omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. ***Commonwealth v. Widmer***, 744 A.2d 745, 751 n.3 (Pa. 2000).

In the instant case, the jury found the testimony of the forensic examiner and forensic interviewer as to the statements made by Daughter mere weeks after she disclosed Appellant's abuse, and Daughter's own statements in the videotaped interview with the forensic interviewer, more credible than Daughter's testimony at trial. In its Rule 1925(a) Opinion, the trial court noted that the jury's credibility determination did not shock its sense of justice. ***See*** Trial Ct. Op. at 13.

Appellant essentially asks us to reassess the credibility of Daughter, the forensic interviewer, and the forensic examiner, and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

In his third issue, Appellant claims that the trial court erred when it denied his Motion to Sever.

Our standard of review from the denial of a Motion to Sever is well settled:

> A motion for severance is addressed to the sound discretion of the trial court, and . . . its decision will not be disturbed absent a manifest abuse of discretion. The critical consideration is whether the appellant was prejudiced by the trial court's decision not to sever. The appellant bears the burden of establishing such prejudice.

***Commonwealth v. Dozzo***, 991 A.2d 898, 901 (Pa. Super. 2010)(citation omitted).  In proving that the decision not to sever the cases prejudiced the defendant, the defendant must show "real potential for prejudice rather than mere speculation."  ***Commonwealth v. Rivera***, 773 A.2d 131, 137 (Pa. 2001).

Pa.R.Crim.P. 582 provides, in relevant part, that "[o]ffenses charged in separate indictments or informations may be tried together if: (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]"  Pa.R.Crim.P. 582(A)(1)(a).  However, where it appears that the trial of offenses together might prejudice a party, the trial court may order separate trials of offenses.  ***See*** Pa.R.Crim.P. 583.

"Where a defendant moves to sever offenses not based on the same act or transaction . . . the court must [] determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the

affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses. *Dozzo*, 991 A.3d at 902 (quoting *Commonwealth v. Collins*, 703 A.2d 418, 422 (Pa. 1997).

Appellant argues that the court erred because the evidence in the cases at Docket Numbers 3421-2016 and 3422-2016 would not have been admissible in the trial for the other. Appellant's Brief at 20. In support of this claim, Appellant highlights the difference in the ages of the victims and the nature of the assault against them. *Id.* at 20-21. He claims that, other than both victims being female and Appellant's alleged involvement, "there are no similarities" between the two cases that would justify their consolidation. *Id.* at 21. He, thus, concludes that "first prong of the *Dozzo* test fails." *Id.*

In the alternative, Appellant claims that, even if the first prong of the *Dozzo* test had not failed, the court's denial of his Motion to Sever unduly prejudiced him because the jury heard about both his alleged conduct that it normally would not have heard and about his suicide attempt. *Id.* With respect to his suicide attempt, Appellant argues that this evidence would not have been admissible in a separate trial at Docket Number 3421-2016 because it was only relevant to show his consciousness of guilt in the case at Docket Number 3422-2016. *Id.* at 22. Thus, he concludes that the admission of this evidence prejudiced the jury against him. *Id.*

In deciding whether to deny Appellant's Motion to Sever, the trial court found the following facts relevant:

In Docket No. 3421-2016, [Appellant] is alleged to have penetrated the child's genitals with his fingers. In Docket No. 3422-2016, it is alleged that [Appellant] asked the victim, "is it ok that I masturbate you?" The victim immediately responded "no," and Defendant walked away. In Docket No. 4398-2016, the victim alleges [Appellant] touched the inside and outside of her clothed and unclothed vaginal area multiple different times. Again, the victim in Docket No. 3421-2016 was a young female, age four or five years old at the time of the offense, and the victims in Docket No. 3422-2016 and 4398-2016 were females age thirteen and fourteen years old, respectively.

Trial Ct. Op., 6/30/17, at 3-4

The court then considered whether, pursuant to Pa.R.Crim.P. 582(A)(1), evidence of the commission of one offense would be admissible in the separate trial of the other offense for the particular purpose of proving a common scheme, plan, or design, and addressed whether trying these cases together would prejudice Appellant. Relevantly, it stated:

All three cases involve young, female children, all of whom have a family or personal link to [Appellant], and two of the cases involve children of a similar age group. In all three cases, [Appellant] was accused of particularly similar misconduct. Further, the cases are alleged to have occurred in the same general time period. As such, this Court finds that a high correlation in the details of the crimes exists and that evidence of each of the offenses would be admissible in a prosecution for the other, in order to prove Defendant's "common plan, scheme and design" in sexually assaulting young female children.

Further, this Court finds that the evidence in each case is capable of separation by the jury so that there is no danger of confusion. Each crime involves different victims and occurred on different dates.

Lastly, this Court finds Defendant will not be unduly prejudiced in trying all three cases together.

*Id.* at 5-6 (citations omitted).

Following our review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's Motion to Sever. We agree with the trial court that the similarities between the facts and circumstances of each allegation of abuse were substantial and demonstrated Appellant's common scheme or plan in victimizing his minor daughters.

Moreover, Appellant's bald allegation that the court's decision prejudiced him, without more, does not warrant relief. Appellant has failed to articulate any actual prejudice. In fact, Appellant's concession that the jury acquitted him of the charges at Docket Number 4398-2016 undermines his claim that the jury was incapable of separating the evidence against him. *See* ***Commonwealth v. Burton***, 770 A.2d 771, 779 (Pa. Super. 2001) (explaining that, in the severance context, prejudice is "that which would occur if the evidence tended to convict the defendant only by his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." (citation omitted)). Given the foregoing, Appellant's third claim fails.

In his final issue, Appellant claims that the trial court abused its discretion in granting the Commonwealth's Motion in *Limine*. Appellant's Brief at 22. In particular, he argues that evidence of his suicide attempt was only relevant to his consciousness of guilt as to the charges arising from T.L.'s allegations, and not for the charges arising from the allegations of H.D. and Daughter. *Id.* at 23-24. He further complains that the trial court's limiting instruction to the jury was insufficient because it did not specifically instruct

the jury that it could only consider this evidence as consciousness of guilt in the case at Docket Number 3422-2016.[7]  ***Id.*** at 24-25.   Thus, Appellant concludes that the court should not have admitted the Commonwealth's consciousness of guilt evidence at all because, with respect to the cases arising from Daughter's allegations, this evidence was more prejudicial than probative.  ***Id.***

We review the grant or denial of a motion in *limine* for an abuse of discretion.  ***Commonwealth v. Rich***, 167 A.3d 157, 160 (Pa. Super. 2017). "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will."  ***Id.*** (citation omitted).

Evidence that an accused attempted to commit suicide is relevant as a circumstance tending to show consciousness of guilt.  ***Commonwealth v. Sanchez***, 610 A.2d 1020, 1026-27 (Pa. Super. 1992).

---

[7] The Notes of Testimony reflect that, although given the opportunity to object to the court's jury instruction regarding Appellant's suicide attempt as evidence of consciousness of guilt, Appellant's counsel declined to do so. Thus, to the extent that Appellant challenges the sufficiency of the court's instruction, we conclude it is waived.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  ***See also Commonwealth v. May***, 887 A.2d 750, 758 (Pa. 2005) (noting timely objection must be made to preserve issues for appellate review).

Here, Appellant does not dispute that evidence of his suicide attempt was relevant to show his consciousness of guilt as to the assault of T.L. ***See*** Appellant's Brief at 24. Rather, he baldly claims that the evidence was inadmissible because it unduly prejudiced him with respect to the case arising from his assault of Daughter. As with his previous issue, however, Appellant's acquittal of the charges arising from H.D.'s allegations undermines Appellant's unsubstantiated claim that that court's admission of the consciousness of guilt evidence prejudiced him because the jury was incapable of considering this evidence only as it related to T.L. The jury's determination of Appellant's guilt in only two of the three consolidated cases evinces its ability to appropriately consider the evidence in each of the three cases. Thus, Appellant's claim that the trial court abused its discretion in admitting this evidence fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/12/2019